[Cite as *State v. Campbell*, 2022-Ohio-621.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109822 |
| v. | : | |
| SANTANA CAMPBELL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644805-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John F. Hirschauer, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Santana Campbell ("Campbell"), appeals his sentence. He raises the following single assignment of error for review:

As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violates [Campbell's] rights under United States and Ohio Constitutions.

{¶ 2} For the reasons set forth below, we affirm the trial court's judgment.

## I. Procedural History

{¶ 3} In October 2019, Campbell was charged, along with codefendants, Jermaine Singleton and Peirion Jackson, in a 21-count indictment, including multiple counts of robbery, aggravated robbery, theft, and felonious assault.[1] Campbell was also charged with participating in a criminal gang, criminal damaging, receiving stolen property, intimidation, attempted retaliation, and attempted obstructing justice. Most of the counts also included one- and three-year firearm specifications. The charges stemmed from four carjacking incidents that occurred between May 2, 2019, and May 18, 2019.

{¶ 4} Campbell did not turn 16 until May 14, 2019, so his case originated in juvenile court. The matter was transferred to the general division in October 7, 2019. In June 2020, Campbell pled guilty to the following amended counts: participating in a criminal gang, intimidation of a witness, and four counts of aggravated robbery, with either a one- or three-year firearm specification attached. The remaining counts were nolled. As part of the plea agreement, Campbell agreed to no contact with the victims and an agreed sentence of eight years (with no consideration of judicial release). Campbell was also advised of the Reagan Tokes Act as it applied to

---

[1] Neither codefendant has filed an appeal as of the date of this opinion.

his sentence. The trial court sentenced Campbell to eight to ten-and-a-half year in prison. At sentencing, Campbell's counsel objected to the imposition of a Reagan Tokes sentence, contending that the Act is unconstitutional.

{¶ 5} It is from this judgment that Campbell now appeals.

## II. Reagan Tokes

{¶ 6} In his sole assignment of error, Campbell argues that the trial court erred in imposing an indefinite sentence pursuant to the Reagan Tokes Act because the Act violates the United States and Ohio Constitutions. Specifically, he argues that the Act violates his constitutional right to a jury trial, separation of powers, and due process. He requests that we vacate the indefinite part of his sentence that was imposed under Reagan Tokes.

{¶ 7} However, pursuant to our recent en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court has determined that challenges to the Reagan Tokes Act are ripe for review and that the Act is constitutional.[2]

{¶ 8} Accordingly, the sole assignment of error is overruled.

{¶ 9} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[2] As the writer of this merit panel decision, I am constrained to follow the law as determined by the close vote in the en banc majority court in *Delvallie*. However, as I expressed in my separate concurring-in-judgment-only opinion in *Delvallie* and in my dissenting opinion in the original panel decision in *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, it is my view that challenges in a direct appeal under the Reagan Tokes Act are not yet ripe for review.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR